UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FIRST FINANCIAL BANK, N.A., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-00343-JMS-JMD |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| TREASURY/INTERNAL REVENUE SERVICE, | ) |
| STATE OF INDIANA/DEPT. OF REVENUE, | ) |
| | ) |
| *Defendants*. | ) |

## ORDER

Presently pending before the Court is Defendant United States Department of Treasury/Internal Revenue Service's ("United States") Motion for Summary Judgment. [Filing No. 35.] The claims remaining in this litigation are Plaintiff First Financial Bank, N.A.'s ("Plaintiff") claims against the United States and Defendant State of Indiana/Department of Revenue (the "State") regarding four tracts of land located in Sullivan County, Indiana.[1] [Filing No. 1-1.] Plaintiff seeks to quiet the title to the land and for a strict foreclosure. The United States now asks this Court to enter summary judgment in its favor. [Filing No. 35.] Plaintiff did not file a response and does not oppose the motion. [Filing No. 46.] For the reasons set forth below, the Court **GRANTS** the United States' motion for summary judgment, [Filing No. 35], relinquishes supplemental jurisdiction over Plaintiff's state law claim against the State, and enters final judgment accordingly.

---

[1] Plaintiff's claims against Defendants Melinda Skinner and Andrew Carpenter were dismissed without prejudice in October 2014. [Filing No. 32.]

# I.
## STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d

892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

The following facts are undisputed. On September 6, 2007, Sound Decision Exhaust Center, Inc. ("Sound Decision") mortgaged to Plaintiff four tracts of land in Sullivan County, Indiana. [Filing No. 1-1 at 3.] The four plots are located on or about 545 South Section Street, 561 South Section Street, 643 South Section Street, and 523 South Section Street (collectively, the "Property"). [Filing No. 1-1 at 6.] Sound Decision, as mortgagor, defaulted on the mortgage. [Filing No. 1-1 at 4.] Plaintiff, as mortgagee, executed a Quit Claim Deed in Lieu of Foreclosure with the sole heir of the only shareholder of Sound Decision. [Filing No. 1-1 at 4.] Plaintiff's title research showed no outstanding liens on the Property at that time, [Filing No. 1-1 at 4], but the United States had recorded a lien against the Property in Sullivan County, Indiana on November 22, 2011, [Filing No. 36-1 at 1]. Plaintiff recorded the Quit Claim Deed in Lieu of Foreclosure in Sullivan County, Indiana on March 21, 2012. [Filing No. 1-1 at 4.]

Plaintiff admits that although the United States may have an interest in the Property, it was not discovered until a subsequent title search after execution of the Quit Claim Deed in Lieu of

3

Foreclosure. [Filing No. 1-1 at 4.] Accordingly, the United States was not notified of the Quit Claim Deed in Lieu of Foreclosure. [Filing No. 1-1 at 4.]

In August 2013, Plaintiff filed a Complaint for Strict Foreclosure and Quiet Title in Sullivan Superior Court. [Filing No. 1-1.] In September 2013, the United States removed this action from state court to federal court. [Filing No. 1.] The only claims remaining in this litigation are Plaintiff's claims against the United States and the State. [Filing No. 1-1; Filing No. 32 (dismissing claims against Defendants Melinda Skinner and Andrew Carpenter).] The United States has moved for summary judgment on Plaintiff's claim against it, and that matter is now ripe for the Court's decision. [Filing No. 35.]

## III.
### DISCUSSION

**A. Plaintiff's Claim Against the United States**

The United States asks that this Court enter summary judgment on Plaintiff's claim against it. [Filing No. 35.] Plaintiff does not oppose the United States' request. [Filing No. 46.]

The Court agrees with the United States that Plaintiff's action to quiet the title to the Property and for a strict foreclosure against the United States is contrary to 26 U.S.C. § 7425(b), which provides as follows:

> [A nonjudicial] sale of property on which the United States has or claims a lien . . . shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1).

26 U.S.C. § 7425(b).[2] The plain language of that statute effectively sets forth three elements that the United States must satisfy: (1) the United States has or claims a lien on a property that was sold; (2) notice of the United States' lien was recorded in the proper county at least thirty days prior to the sale; and (3) the United States was not given proper notice of the sale.

The Court agrees with the United States that the evidence of record shows that it satisfied each element. First, the United States claims a lien on the Property, and the Quit Claim Deed in Lieu of Foreclosure executed in favor of Plaintiff constitutes a sale within the meaning of the statute.[3] Second, the certified copy of the Notice of Federal Tax Lien demonstrates that the United States properly recorded the lien with the Sullivan County recorder on November 22, 2011. [Filing No. 36-1.] That recording took place approximately four months before Plaintiff recorded its deed, [Filing No. 1-1 at 4], which satisfies the thirty-day requirement set forth in § 7425(b). Third, it was not until a subsequent title search after executing the Quit Claim Deed in Lieu of Foreclosure that Plaintiff realized that the United States had recorded liens against the Property. [Filing No. 1-1 at 4.] Thus, Plaintiff failed to provide notice to the United States prior to the sale.

The United States has shown that there are no disputed issues of material fact with regard to the sale at issue meeting the elements of 26 U.S.C. § 7425(b). For that reason, the Court agrees that the sale of the Property was "made subject to and without disturbing [the United States'] lien." 26 U.S.C. § 7425(b). The Seventh Circuit Court of Appeals has reached this result in a similar case, *Ballinger v. Geithner*, 437 Fed. Appx. 480, 482 (7th Cir. 2011), and it comports with the

---

[2] State law governs the divestiture of federal tax liens "except to the extent that Congress may have entered the field." *United States v. Brosnan*, 363 U.S. 237, 241 (1960). Federal law governs this dispute because Congress has "entered the field." *Id.*

[3] "The term 'nonjudicial sale' includes, but is not limited to, the divestment of the taxpayer's interest in property which occurs by operation of law, by public or private sale, by forfeiture, or by termination under provisions contained in a contract for a deed or a conditional sales contract." 26 C.F.R. § 301.7425-2(a).

Congressional intent for that statute, *see* S. Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.C.C.A.N. 3722, 3749 ("Where foreclosures covered by [§ 7425(b)] are made without proper notice to the Government, the bill provides that this does not affect the Government's claim under a tax lien . . . . In these cases, the Government's claim continues against the property into the hands of a third party.").

### B. Plaintiff's Claim Against the State

Because the Court has granted summary judgment in favor of the United States, Plaintiff's state law claim against the State is the sole remaining claim in this action. Accordingly, the Court must determine whether to exercise its discretion to retain jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a) or to remand it to state court pursuant to 28 U.S.C. § 1367(c)(3).

The district court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "In the usual case in which all federal claims are dismissed before trial, the balance of these factors will point to declining to exercise jurisdiction over any remaining pendent state-law claims. Hence the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

Plaintiff filed a Notice of Personal Service regarding the State last week. [Filing No. 45.] Counsel has not yet appeared on the State's behalf and it has not answered the allegations of Plaintiff's Complaint. This litigation is in its beginning stages with regard to Plaintiff's state law claim against the State. Accordingly, the Court concludes that all four factors—economy, convenience, fairness, and comity—strongly weigh in favor of it relinquishing supplemental jurisdiction over Plaintiff's state law claim and remanding this action to state court pursuant to 28 U.S.C. § 1367(c)(3).

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion for Summary Judgment. [Filing No. 35.] Because only a state law claim remains over which the Court does not have original jurisdiction, and for the reasons further detailed herein, the Court remands Plaintiff's claim against the State to Sullivan Superior Court. Final judgment will issue accordingly.

February 12, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Michael James Wright
WRIGHT SHAGLEY & LOWERY, PC
mwright@wslfirm.com

Distribution via U.S. Mail:

State of Indiana
Attorney General
c/o Greg Zoeller
302 West Washington Street, 5th
Floor Indianapolis, IN 46204